FILED
OCT 23 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:          Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:
America Hernandez

Debtor

Case No.: 8:25-BK-12703-MH
Chapter 13

Hear Date: Oct. 23rd 2025 @ 1:30 PM
Court Room # 6C

DECLARATION OF AMERICA HERNANDEZ IN SUPPORT OF MOTION TO IMPOSE AUTOMATIC STAY

I, America Hernandez, declare as follows:

1. I am the debtor in this Chapter 13 case. I make this declaration based on my own personal knowledge and belief.

2. My husband and I have lived in our home at 1460 Pamela Lane, La Habra, California, for 18 years. It is the only home our family has ever known, and we have built our entire life and memories there.

3. The property currently has approximately $500,000 in equity. This home represents our life savings, our stability, and everything we have worked for.

4. We raised four children in this home. Three are now adults, and our youngest is a junior in high school who aspires to become a pilot. Our oldest daughter is currently attending San Francisco University, pursuing her Master's degree in Psychology.

5. Both my husband and my son are service-related disabled veterans. This past year has been extremely challenging for our family—financially and emotionally—but we have worked hard to regain stability. My husband has been actively seeking treatment and support for his PTSD, and our family has come together to rebuild financially and emotionally.

6. My previous Chapter 13 case was dismissed on August 22, and at that time I was actively seeking either a hard-money loan or a loan modification from my lender to stop a pending foreclosure sale scheduled for September 29.

7. I was in regular communication with Julio, a representative from my attorney's office. He advised me that pursuing hard-money financing should be a last resort and that refiling my Chapter 13 case—showing the change in circumstances between my husband, my son, and myself—would allow me to move forward under bankruptcy protection while the motion to impose the stay was pending.

8. Based on that advice, I genuinely believed the property would be protected for at least a 30-day period while awaiting the court's decision.

9. I had never spoken directly with my attorney before the foreclosure sale occurred. I placed my full trust in her office staff, relying on their guidance, updates, and instructions. I believed they were handling everything properly and that my home was protected under Chapter 13.

10. I discovered that my home had been sold only when I called to make my regular mortgage payment. I immediately contacted Julio and Victor from the attorney's office. They were both completely shocked and surprised by the news and immediately began working to help remedy the situation.

11. I want the Court to know that I do not believe Julio or Victor acted with any bad intent. I truly believe this was simply an error or an oversight that resulted in me not being protected at the time of the sale.

12. After learning what happened, Julio personally delivered an Intent to Bid to Quality Loan Service Corporation, the foreclosure trustee. I believe this was his sincere attempt to help correct the situation, knowing it was not my fault. He acted out of good faith and urgency to preserve my rights and my family's home.

13. To my knowledge, the trustee's sale has not yet been recorded, which gives further reason for the Court to intervene and provide equitable relief so that the sale may be reviewed, rescinded, or set aside.

14. Since that time, I have fully cooperated with my attorney's office, continued to make both my Chapter 13 plan payments and my regular mortgage payments, and done everything within my power to demonstrate good faith and compliance.

15. Had I been properly informed that I was not protected under the stay at the time of refiling, I would have immediately sought financial help from family members or even my in-laws to bring the mortgage current or to reinstate the loan. I have always been proactive and willing to explore every possible way to save our family home.

16. I understand that my attorney is now doing everything possible to help correct this situation, and I am deeply appreciative of those efforts. However, I respectfully ask the Court to take into account that I relied in good faith on my attorney's office, believing I was protected under Chapter 13, and that this situation arose from a procedural mistake and misunderstanding, not from neglect or delay on my part.

17. This home means everything to us—it is where my children were raised, where we have

celebrated every family milestone, and where we continue to hope for stability and peace after a very difficult year.

18. I respectfully ask that the Court recognize my good-faith efforts, the procedural error that occurred, and the unrecorded status of the sale. I am committed to following my Chapter 13 plan and doing
everything necessary to retain our family home.

Legal Authority and Equitable Considerations:
Courts have consistently recognized their equitable authority under 11 U.S.C. §105(a) and Federal Rule of Civil Procedure 60(b) to grant relief from the effects of a foreclosure sale where the debtor has acted in good faith but was deprived of protection due to attorney error or procedural irregularity. - In re Rinard, 451 B.R. 12 (Bankr. C.D. Cal. 2011): a foreclosure sale conducted post-petition is void where the trustee had notice of the bankruptcy filing.
- In re Cisneros, 994 F.2d 1462 (9th Cir. 1993): the court retains discretion to set aside actions affected by mistake or inadvertence.
- In re Schwartz, 954 F.2d 569 (9th Cir. 1992): actions taken in violation of the automatic stay are void, not merely voidable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 23 day of October, 2025, at La Habra, California.

_____
America Hernandez
Debtor