Anyama Law Firm, APC
Onyinye N. Anyama (SBN: 262152)
18000 Studebaker Rd., Suite 325
Cerritos, CA 90703
Tel: (562)645-4500
Fax: (562)645-4494
onyi@anyamalaw.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>America Maria Hernandez<br><br>Debtor. | Case No.: 8:25-bk-12703-MH<br><br>Chapter 13<br><br>**DEBTOR'S RESPONSE TO CREDITOR'S REPLY REGARDING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**<br><br>Hearing: 11/20/2025<br>Time: 2:00 PM<br>Location: Crtrm 6C, 411 W Fourth St.<br>            Santa Ana, CA 92701 |

## DEBTOR'S RESPONSE TO CREDITOR'S REPLY REGARDING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY

Debtor respectfully submit this Response to U.S. Bank's Reply filed on November 4, 2025. Creditor's Reply rests on two flawed premises: (1) that *In re Stephens* permits completion of a foreclosure sale commenced after bankruptcy filing, and (2) that California's relation-back statute can cure violations of the automatic stay. Both arguments fail as a matter of law.

## I. STATEMENT OF FACTS:

Debtor's prior Chapter 13 cases (8:23-bk-11518-TA, dismissed Jan. 15, 2025; 8:25-bk-10404-MH, dismissed Aug. 22, 2025) ended due to health crises and job issues, not bad faith. This third case, filed September 25, 2025, reflects stable income, resolved medical burdens, and a $2,500/month plan to cure $150,000 arrears over 60 months. No pre-petition auction occurred. The post-petition auction on September 29 triggered a 45-day holding period under Cal. Civ. Code § 2924m(c) via a Notice of Intent to Bid. No deed is recorded; the sale remains incomplete.

## II. THE FORECLOSURE SALE VIOLATED § 362(a)(3) AND IS VOID AB INITIO

Creditor fundamentally mischaracterizes the nature of the September 29, 2025 foreclosure sale. The bankruptcy petition was filed September 25, 2025. On that date, Debtor held full legal title to the property, which entered the bankruptcy estate. The subsequent auction on September 29—specifically the acceptance of any bid—constituted an "act to obtain possession of property of the estate or... to exercise control over property of the estate" in direct violation of § 362(a)(3).

Under California law, the foreclosure sale occurs when the trustee accepts the highest bid. Cal. Civ. Code § 2924f(g) ("At the time of sale, the trustee... shall sell the property... to the highest bidder"). This acceptance is an affirmative act, not a passive occurrence. When Creditor's agent accepted a bid on September 29, 2025, it committed an act to obtain and exercise control over estate property.

## III. VIOLATIONS OF THE AUTOMATIC STAY ARE VOID, NOT VOIDABLE

Creditor's reliance on relation-back theory ignores controlling Ninth Circuit precedent. In *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992), the Court unequivocally held that "violations of the automatic stay are void, not voidable." The Court emphasized:

> "Given the important and fundamental purpose of the automatic stay and the broad debtor protections of the Bankruptcy Code, we find that Congress intended violations of the automatic stay to be void rather than voidable." *Id.* at 571.

DEBTOR'S RESPONSE TO CREDITOR'S REPLY REGARDING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY
-2-

The *Schwartz* court specifically rejected arguments that debtors must affirmatively challenge stay violations, stating that such a requirement would "impose severe hardships on debtors trying to regain their financial footing." *Id.*

Here, Creditor proceeded with the foreclosure sale with actual or constructive knowledge of the bankruptcy filing. Under § 362(h), actions taken in willful violation of the stay are subject to actual damages, including costs and attorneys' fees, and in appropriate circumstances, punitive damages. Creditor proceeded at its peril.

## IV. CALIFORNIA'S RELATION-BACK STATUTE CANNOT CURE A VOID SALE

Creditor's argument that Cal. Civ. Code § 2924h(c) can retroactively validate avoid foreclosure sale fundamentally misunderstands the interaction between state and federal law. The relation-back provision states that a sale "shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 60 calendar days." However, this state law mechanism cannot resurrect a sale that is void ab initio under federal bankruptcy law.

As *Schwartz* makes clear, stay violations are not merely voidable defects that can be cured through subsequent action—they are void and "of no effect." 954 F.2d at 572. A void sale cannot be "perfected" because there is nothing to perfect. The purported sale on September 29, 2025, was a legal nullity from the moment it occurred.

## V. THE STEPHENS CASE IS INAPPOSITE

Creditor's reliance on *In re Stephens*, 661 B.R. 948 (Bankr. C.D. Cal. 2024) is misplaced for a critical reason: Stephens involved a bankruptcy filing *after* both the live auction and the qualifying overbid. The court's analysis turned on whether the debtor retained any property interest at the petition date that could be protected by the automatic stay.

Here, the sequence is reversed: the bankruptcy was filed *before* any foreclosure sale occurred. Debtor held full legal title when the petition was filed, bringing that property into the estate under § 541. The subsequent auction was not a continuation of pre-petition events but a new, post-petition act violating § 362(a)(3).

## VI. RETROACTIVE IMPOSITION OF STAY VOIDS THE SALE AB INITIO

Even if the stay did not automatically apply, this Court's imposition of the stay under § 362(c)(4)(B) would relate back to the petition date. When retroactively imposed, the stay renders all interim collection activities void ab initio, not merely voidable. *Schwartz*, 954 F.2d at 572. This includes the September 29 foreclosure sale.

**CONCLUSION:**

Creditor cannot escape the consequences of conducting a foreclosure sale after bankruptcy filing. The sale violated § 362(a)(3) and is void under *Schwartz*. No amount of procedural maneuvering under state law can cure this fundamental defect. The Court should impose the automatic stay retroactive to the petition date and declare the purported foreclosure sale void.

Respectfully submitted,

/s/Onyinye N. Anyama
Onyinye N. Anyama, Debtor's Attoney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**18000 Studebaker Rd., 325, Cerritos, CA 90703**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S RESPONSE TO CREDITOR'S REPLY REGARDING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY:** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __11/12/25__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Amrane Cohen: efile@ch13ac.com**
**United States Trustee: ustpregion16.sa.ecf@usdoj.gov**
**Jennifer C Wong: bknotice@mccarthyholthus.com**     ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __11/13/25__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**United States Bankruptcy Court**
**Attn: Judge Houle**
**411 West Fourth Street, Suite 6135 / Courtroom 6C**
**Santa Ana, CA 92701-4593**     ☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Jennifer C Wong: bknotice@mccarthyholthus.com**
**Hadi R Seyed-Ali: Hadi.Seyed-Ali@padgettlawgroup.com**
**Christopher Giacinto: PLG@ecf.courtdrive.com**
**Jason T Seals: jason.seals@padgettlawgroup.com**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/12/25 | Victor Hernandez | /s/Victor Hernandez |
|---|---|---|
| Date | Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**

America Maria Hernandez
1460 Pamela Lane
La Habra, CA 90631


Onyinye N Anyama
Anyama Law Firm, APC
18000 Studebaker Rd Ste 325,
Cerritos, CA 90703


LVNV Funding LLC/Resurgent Capital
for Credit One Bank
PO Box 10587
Greenville, SC 29603-0587


Bank of America
PO Box 673033
Dallas, TX 75267-3033


Caliber Home Loans, Inc./
New Residential Investment Corp
Attn: Michael Nierenberg, CEO
1345 Avenue of the Americas, 45th F
New York, NY 10105


Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Cavalry SPV I, LLC
PO Box 4252
Greenwich, CT 06831


Credit Collection Service
725 Canton St
Norwood, MA 02062

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113


Credit One Bank
Attn: BK Dept
6801 Cimarron Rd
Las Vegas, NV 89113


Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609


Fay Servicing, LLC
Attn: Rebecca Vang, Serv Agent
2710 Gateway Oaks Drive
Sacramento, CA 95833


Fay Servicing, LLC
Attn: Edward Fay, Founder and CEO
440 S. LaSalle St.
Chicago, IL 60605


Fay Servicing, LLC
Attn: Edward Fay, Founder and CEO
5426 Bay Center Dr
Tampa, FL 33609-3401


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Mission Lane LLC
Attn: Bankruptcy
PO Box 105286
Atlanta, GA 30348


NPRTO California, LLC
256 West Data Drive
Draper, UT 84020


Padgett Law Group
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312


Progressive Leasing LLC
256 West Data Drive
Draper, UT 84020


Quality Loan Service Corp
2763 Camino Del Rio South
San Diego, CA 92108


Resurgent Capital Services
Placentia Linda Hospital
PO Box 10587
Greenville, SC 29603-0587


Santander USA
PO Box 660633
Dallas, TX 75266-0633


Santander USA
Attn: Alex Jenkins, Serv Agent
2710 Gateways Oaks Drive
Sacramento, CA 95833

```
Santander USA
Attn: Christiana Riley, CEO
75 State Street
Boston, MA 02109


Santander USA
Attn: Christiana Riley, CEO
1601 Elm Street
Suite 800
Dallas, TX 75201-4701


Southern California Edison Company
Attention: Credit & Payment Service
1551 W. San Bernardino Rd
Covina, CA 91722


Sunrise Hospital And Medical Center
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602


U.S. Bank Trust National Associatio
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609


U.S. Bank Trust, N.A.
c/o Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134


U.S. Bank Trust, N.A.
Attn: Andrew Cecere, CEO
800 Nicollet Mall
Minneapolis, MN 55402
```