JaVonne M. Phillips, Esq. SBN 187474
Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for
U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF8 Master Participation Trust, its assignees and/or successors, by and through its servicing agent Fay Servicing, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>America Maria Hernandez,<br><br>    Debtor. | Case No. 8:25-bk-12703-MH<br><br>Chapter 13<br><br>**SUR REPLY TO DEBTOR'S RESPONSE TO CREDITOR'S REPLY REGARDING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**<br><br>Hearing<br>Date: 11/20/2025<br>Time: 2:00PM<br>Ctrm: 6C<br>Place: 411 W. Fourth St.<br>       Santa Ana, CA 92701<br><br>Judge: Mark D. Houle |

U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF8 Master Participation Trust, its assignees and/or successors, by and through its servicing agent Fay Servicing, LLC ("Secured Creditor") hereby submits the following Sur Reply to the Response to Creditor's Reply Regarding Motion to Continue or Impose the Automatic Stay filed by America Maria Hernandez ("Debtor").

1. <u>No Violation of the Stay Occurred and Any Imposition of the Stay is Not Retroactive</u>

Debtor's allegation that the 09/29/2025 foreclosure sale violated the stay is an inaccurate analysis of the law. The Bankruptcy Code is clear. Pursuant to 11 U.S.C. §362(c)(4)(A)(i) and (ii), there was no stay when this bankruptcy petition was filed. Debtor had two previous cases that were pending but dismissed within the last 12 months, as a matter of law, there was currently no stay in place upon the filing of this instant case. The sale held 09/29/2025 did not violate the automatic stay because no automatic stay went into effect upon the filing of this case as a matter of law. Debtor's analysis under <u>In re Schwartz</u> is inapplicable in this instance because no stay was violated.

In addition, Debtor's allegation that imposition of the stay would relate back to the petition date is inaccurate. Debtor cites no authority to support this argument. The Bankruptcy Code cites the opposite. Pursuant to 11 U.S.C. §362(c)(4)(C), a stay imposed under 11 U.S.C. §362(c)(4)(B) <u>shall be effective on the date of the entry of the order allowing the stay to go into effect</u> (underline added). Any entry of an order imposing a stay would be effective upon the date of entry of the Order and could not be imposed retroctively. Thus, the 09/29/2025 sale date would remin valid and uneffected by any entry of an order imposing the stay.

2. <u>California's Relation Back Statutes Have Historically Operated in the Same Manner</u>

California's relation back statutes have always operated and been interpreted in the same way. The enactment of Cal. Civ. Code §2924m did not alter the manner in which "relation back" worked – it only extended the time to record the Trustee's Deed because of the holding periods that were established under §2924m. It is clear California law provides that perfection of a foreclosure sale is retroactive for an eligible bidder as of "the actual date of sale if the trustee's

deed is recorded within 60 calendar days after the sale. Cal. Civ. Code § 2924h(c); In re Stephens, 661 BR 948, 953 (Bankr. C.D. Cal. 2024).

Prior to the enactment of Cal. Civ. Code §2924m, when bankruptcies were filed in an attempt to stop a foreclosure, whether the sale was valid was easily determined.  A foreclosure sale was deemed final and perfected as of 8:00 a.m. on the actual date of the sale as long as the Trustee's Deed was recorded within 15 days of the sale, even if the 15 days was during the pendency of an active bankruptcy. This concept is known as relation back and prevented stay violations claims from bankruptcy filings post sale. *See* Cal. Civ. Code §2924h(c); In re Bebensee-Wong, 248 B.R. 820, 823 (B.A.P. 9th Cir. 2000). Many other California bankruptcy courts have ruled in a similar manner and this concept was relatively undisputed.

After the enactment of Cal. Civ. Code §2924m, because holding periods were established to allow additional bids to be submitted after a foreclosure sale, the 15 day window became inapplicable. Thus, this window was extended to 21 days (if no bids submitted) or 60 days (if bids are submitted).  Cal. Civ. Code § 2924h(c).  Section 2924h(c) clearly states:

"For the purposes of this subdivision, the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale, or the next business day following the 21st day if the county recorder in which the property is located is closed on the 21st day. If an eligible bidder submits a written notice of intent to bid pursuant to paragraph (3) of subdivision (c) of Section 2924m, the trustee's sale shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 60 calendar days after the sale or the next business day following the 60th day if the county recorder in which the property is located is closed on the 60th day..." (underline added) Cal. Civ. Code §2924h(c).

The second sentence (underlined) is the relevant sentence for this analysis. It confirms that the Trustee's Sale is FINAL so long as the Trustee's Deed Upon Sale is recorded within 60 days of the sale. If so, it is deemed to have occurred at 8:00am on the day of the sale. Based on this, timely recordation of the Trustee's Deed would result in perfection of title to the Property and the trustee's sale's finality as of 8:00 a.m. on 09/29/2025, as "…the relation back effect of Civil Code § 2924h(c) operates to perfect the trustee's sale on the actual date of sale." In re Ford, No. 2:22-bk-13649-WB, 2022 WL 17742285, at 3 (Bankr. C.D. Cal. Dec. 15, 2022),

citing In re Bebensee–Wong, 248 B.R. 802, 823 (9th Cir. BAP 2000).  As the Court in Ford held, "[i]f the creditor acts within the statutory grace period, the foreclosure sale is deemed perfected as of 8:00 a.m. on the sale date, notwithstanding the intervening bankruptcy petition…If the recording is done within the statutory grace period, the sale is perfected as of the sale date." Ford, *supra*, at 3.  *See also* In re Stephens, 661 BR 948, 953-954 (Bankr. C.D. Cal. 2024).

Debtor distinguishes this instant case from In re Stephens because Debtor filed bankruptcy prior to the sale, not after the sale. However, this distinction is not germane to the analysis here. In both instances, the foreclosure sale was conducted in the absence of the stay. In the cases cited above, the sale was conducted pre-petition, in the absence of the stay. Then Debtor filed bankruptcy and created a stay. Here, the sale occurred after the filing but still in the absence of a stay. The critical issue here is whether the automatic stay (if imposed in this instance) prevents post foreclosure actions, and not the timing of the sale.

Even if there was a stay, In re Stephens goes so far to state that relief from stay would be appropriate under both d(1) and d(2) and possibly annulment in these instances. Stephens at 955-957. Either way, the stay would not prevent post-foreclosure actions if the sale was properly conducted. While this outcome is not what Debtors are hoping for when bankruptcies are filed to stop a pending foreclosure sale, it does align with public policy and the rights of purchasers at foreclosure sales. Otherwise, how could any contested sale be made final and perfected? Based on these holding periods, Debtor could potentially file bankruptcy anytime within the 45-day window to invalidate a sale. This ideal is nonsensical and cannot be what the legislators intended when Cal. Civ. Code §2924m was enacted.

As stated before, the relation back statues to perfect a foreclosure sale have always existed. This is not a new legal concept. It was only modified to expand the timelines of recordation. The holding period expired 11/13/2025. No overbid funds were received by 5PM on 11/13/2025. The sale is finalized to Neighbor to Neighbor Homes, LLC who was the last and highest bidder at the 09/29/2025 trustee's sale. The Trustee's Deed Upon Sale will need to

be recorded by 11/28/2025 to obtain the relation back protections afforded by Cal. Civ. Code § 2924h(c).

Dated: 11/17/2025

Respectfully submitted,
McCarthy & Holthus, LLP

By: /s/ Jennifer C. Wong
Jennifer C. Wong, Esq.
Attorney for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF8 Master Participation Trust, its assignees and/or successors, by and through its servicing agent Fay Servicing, LLC

M&H File No. CA-25-186932

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2763 Camino Del Rio S., Suite 100
San Diego, CA 92108

A true and correct copy of the foregoing document entitled (*specify*): **SUR REPLY TO DEBTOR'S RESPONSE TO CREDITOR'S REPLY REGARDING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/17/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| **TRUSTEE** | **DEBTOR(S) COUNSEL** | **US TRUSTEE** |
|---|---|---|
| Amrane (SA) Cohen (TR) | Onyinye N Anyama | ustpregion16.sa.ecf@usdoj.gov |
| efile@ch13ac.com | onyi@anyamalaw.com | |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/17/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR(S)**
America Maria Hernandez, 1460 Pamela Lane, La Habra, CA 90631

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/17/2025 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
The Honorable Judge Mark D. Houle, United States Bankruptcy Court - Santa Ana Division, 3420 Twelfth Street, Suite 365, Riverside, CA, 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/17/2025 | Hue Banh | /s/ Hue Banh |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**